## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JACOB CHRISTINE,** | : | |
| *Plaintiff,* | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **No. 13-1241** |
| **JASON ROSATI,** *et al.,* | : | |
| *Defendants.* | : | |
| _____ | : | |

### <u>MEMORANDUM</u>

PRATTER, J.                                                            SEPTEMBER 30, 2014

After reaching a settlement with Defendants, Mr. Christine seeks reimbursement of the filing fee for his § 1983 civil rights suit.  Because the Court does not have the discretion to refund his fee, the Court must deny Mr. Christine's motion.

### BACKGROUND

In his Second Amended Complaint, Mr. Christine alleged that a number of prison guards attacked and sexually assaulted him while he was handcuffed and shackled.  According to Mr. Christine's pleading, when he filed a grievance describing the attack, various officers threatened him and retaliated against him.  Mr. Christine sought compensatory and punitive damages.

When Mr. Christine filed his suit on March 7, 2013, he paid the $350 filing fee in full.  Almost a month later, he filed an application to proceed *in forma pauperis*.  *See* Docket No. 3.  On April 29, 2013, the Court denied that application without prejudice, giving Mr. Christine leave to re-file in the event his financial circumstances changed.  Mr. Christine did not re-file an application, and the case proceeded.  After two amendments to his Complaint, a change in lawyers for Mr. Christine, and months of discovery, the parties reached a settlement, and the case was dismissed with prejudice on September 17, 2014.

**DISCUSSION**

A little over a week after his case was dismissed, Mr. Christine filed a motion for waiver and return of his filing fee.  He explained that "[a] settlement was reached in this case for a voluntary dismissal not because of invalidity of Plaintiff[']s claims but simply because . . . it was determined the claims would be barred by the 'Statute of Limitations.'"  He argues that it would therefore be unjust to require him to pay for filing what he believes was a meritorious claim that was only barred by a "technicality of law."  He claims that if his filing fee is not returned, other prisoners with valid claims will be deterred from filing them.  He points out that prisoner wages are trifling, making $350 a "tremendous" amount of money to him.

District courts assess filing fees both to defray "some of the costs associated with opening a case," as well as to "deter the filing of frivolous" lawsuits.  *See Porter v. Dept. of Treasury*, 564 F.3d 176, 179 (3d Cir. 2009).  While courts may waive these fees for indigent litigants, *see* 28 U.S.C. § 1915(a), under 28 U.S.C. § 1915(b) courts may not waive filing fees for prisoners whose claims are governed by the Prison Litigation Reform Act, indigent or not.  *See Porter*, 564 F.3d at 180.  Indeed, in enacting the PLRA, Congress's clear intent was to "mak[e] all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *Goins v. Decaro*, 241 F.3d 260, 261 (2d Cir. 2001) (internal quotation omitted).  In this case, Mr. Christine was a prisoner at the time he filed his suit, bringing his claim under the PLRA. Therefore, regardless of whether the Court may be inclined to refund his filing fee, the Court does not have the discretion to do so, despite Mr. Christine's insistence to the contrary.

Moreover, even in cases not governed by the PLRA, the Third Circuit Court of Appeals has held that litigants are not entitled to the return of their filing fees, even when they voluntarily dismiss or withdraw their case.  *Id.* at 179; *see also Williams v. Roberts*, 116 F.3d 1126, 1127 (5th Cir. 1997) (Fees are "assessed for the privilege of initiating an appeal, without regard to the

subsequent disposition of the matter.").[1]  As one court has noted, "a refund claim is not only

unauthorized, but also encounters the barrier of sovereign immunity, since the debited funds

have become the property of the United States."  *Goins*, 241 F.3d at 261 (citing 28 U.S.C. §§

711(c), 751(e) (requiring clerks of courts of appeals and district courts to pay all fees "into the

Treasury")).  Thus, even if Mr. Christine were not a prisoner, because he has already paid his

filing fee, the Court may not refund that fee, regardless of the outcome of his case.

CONCLUSION

For the foregoing reasons, Mr. Christine's motion will be denied.  An appropriate Order

follows.

BY THE COURT:

/s/ Gene E.K. Pratter

_____

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[1] Although the *Porter* and *Williams* courts were addressing the return of fees paid to an appellate court, the same statutes and reasoning apply here.